UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DWAYNE COX                                    CIVIL ACTION

VERSUS                                        NO. 13-6600

PRECISION SURVEILLANCE                        SECTION "B"(3)
ORGANIZATION, ET AL.

ORDER

Before the Court is The Steam Generating Team, L.L.C.'s Motion to Fix Attorneys' Fees

[Doc. #20].  Plaintiff Dwayne Cox has not filed a memorandum in opposition to the motion as

required by the Local Rules of this Court.  Accordingly, the motion is deemed unopposed.  For the

following reasons, the Court grants in part the motion.

I.       Background

         This is a dispute in which plaintiff Dwayne Cox alleges that he was injured during the course

and scope of his employment for defendants Precision Surveillance Organization ("Precision") and

The Steam Generating Team, L.L.C. ("SGT").  Cox alleges that Precision and/or SGT terminated

his employment in retaliation for seeking worker's compensation after his injury.

         On February 12, 2014, SGT filed a motion to compel Cox's initial disclosures and for

sanctions.  [Doc. #16].  This Court initially set the motion for oral hearing on March 12, 2014. [Doc.

#18].  Cox failed to oppose the motion.  On March 11, 2014, this Court granted SGT's motion as

unopposed and cancelled the oral hearing. [Doc. #19].  SGT now seeks its attorneys' fees  and costs under Federal Rule of Civil Procedure 37 incurred in the filing of the motion to compel and this motion.  SGT seeks $9,286.50 in attorneys' fees and $11.68 in costs.

## II.      Analysis

### A.      THE LODESTAR APPROACH

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990).  A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.  *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000);  *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.  *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379.  The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."  *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the

"lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc*., 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1.  Reasonable Hourly Rates

Attached to SGT's motion is the declaration of Kathryn M. Knight, counsel for SGT, in which she attests to her hourly rate and that of attorney Rachel W. Wisdom.  Turning to the time records compiled and submitted by SGT's counsel, counsel seek hourly rates of $315/hour for Knight, an attorney with ten years experience, and $390/hour for Wisdom, an attorney with 23 years experience.  Having reviewed the most recent case law in this district, the Court finds that, notwithstanding counsels' ability, competence, experience and skill, the hourly rates require an adjustment.  The majority of the courts in this district sanction lower rates, and this Court is reticent to set new precedent in this area. *See, e.g., Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013 (approving $250/hour for attorney with 24 years experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing hourly rates from $300/hour to $275/hour for attorney with 34 years experience and from $300/hour to $250/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450/hour to $350/hour for attorney with 30 years experience and

from $300/hour to $275/hour for attorney with eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years experience); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009) (awarding $300/hour for partners, $225/hour for associates, and $75/hour for paralegals); *Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (Roby, M.J.) (sanctioning $175/hour for associate with five years experience); *Orrill v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012, 2009 WL 4861994, at *3 (E.D. La. Nov. 7, 2008) (Roby, M.J.) (sanctioning $150/hour for associate with four years experience). Given this precedent, the Court finds that hourly rates of $325/hour for Wisdom and $275/hour for Knight are reasonable.

### 2.        Reasonable Hours Expended

The Court must next determine whether the number of hours that SGT's counsel expended on the litigation was reasonable. Counsel argue that Knight and Wisdom expended 24.9 and 3.7 hours, respectively. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar

calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statement submitted on behalf of SGTs counsel and finds the hours expended by counsel to be reasonable.  The billing statement reflects that SGT's counsel drafted the motion to compel, the memorandum in support thereof  and the notice of hearing.  Counsel also communicated on numerous occasions with their client with regard to the motion.  The billing statement further reflects that counsel prepared for oral argument on the motion.[1] It also reflects that counsel researched and drafted all of the pleadings associated with the instant motion.  While Cox does not challenge whether SGT's counsel exercised "billing judgment," the Court's review of the billing statement satisfies it that SGT's counsel did so.

### 3.    Costs

Counsel also seek $11.68 in costs incurred in the filing of the motion.  That amount is comprised of $11.60 in copies and eight cents for a long-distance phone call.   Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs.  Fed. R. Civ. P. 54(d).  Section 1920 provides that a prevailing party may recover the following costs:

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts, compensation of interpreters, and salaries,

---

[1]    The Court only cancelled the oral hearing the day before the argument as the motion was unopposed.

fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in Section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir.2001). Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

When cost-seekers neglect to supply any verification that the costs claimed were "necessarily incurred in the case" and instead state only that the costs were expended "in the preparation and litigation of this case," a court does not abuse its discretion by denying all costs except filing fees. *Phetosomone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 (1st Cir. 1993); *accord Home Builders Ass'n v. City of Madison*, 191 F.R.D. 515, 517, 518, 519 (N.D. Miss. 1999) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir. 1983)).

As noted, counsel seeks copying costs in the sum of $11.60. The cost of copies of papers may be taxed under Section 1920(4) if "necessarily obtained for use in the case." Copies may be deemed necessary even if not used in the trial of the matter. *Piester v. IBM Corp.*, 201 F.3d 428, 1998 WL 1267929, *2 (1st Cir. May 14, 1998). Consequently, in order for copies to be taxable in a case, the party seeking to tax the cost must show some evidence of necessity. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered. *Grady v. Bunzl Packaging Supply Co.*, 161

F .R.D. 477, 479 (N.D. Ga. 1995).

SGT's counsel has not provided any information as to the necessity of the photocopies sought to be included in costs. This Court has no method of determining the necessity without additional information.  Consequently, this item of costs is disallowed.

Counsel also seek eight cents for a long-distance telephone call.  This cost is also disallowed. "Telecopy expenses, express delivery charges, and telephone expenses, like postal expenses, are not listed in the statute and represent 'overhead' costs, not litigation costs." *Jimenez v. Paw-Paw's Camper City, Inc.*, No. Civ. A. 00-1756, 2002 WL 257691, *27 (E.D. La. Feb. 22, 2002).

## III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that The Steam Generating Team, L.L.C.'s Motion to Fix Attorneys' Fees [Doc. #20] is GRANTED IN PART to the extent that the Court approves an award of attorneys' fees in the amount of $8,050.00.

New Orleans, Louisiana, this 2nd day of May, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

7